# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA** | * |
| | * |
| v. | *   Crim. No. **PJM 10-0166** |
| | * |
| **JOSEPH THOMAS CARTER, JR.,** | * |
| Defendant. | * |

## MEMORANDUM OPINION

Joseph Carter, *pro se*, has filed a "Motion for Request of Sentence Reduction," ECF No. 27. Having reviewed the Motion and the Government's Opposition thereto, the Court **DENIES** the Motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2010, Carter pled guilty to one count of Possession of a Firearm after a Felony Conviction, in violation of 18 U.S.C. § 922(g). ECF No. 19. With a total offense level of 30 and criminal history category VI, his applicable guidelines range under the U.S. Sentencing Guidelines was 180-210 months. On February 3, 2011, the Court sentenced him to 140 months' imprisonment, followed by five years of supervised release. ECF No. 28. Carter did not appeal his conviction or sentence.

On February 9, 2011, Carter filed the pending Motion. ECF No. 27. The Government filed its Opposition on October 27, 2017, ECF No. 30, and Carter has not replied.

## II. ANALYSIS

"The law closely guards the finality of criminal sentences against judicial 'change of heart.'" *United States v. Goodwyn*, 596 F.3d 233, 235 (4th Cir. 2010) (quoting *United States v. Layman*, 116 F.3d 105, 109 (4th Cir. 1997)). Indeed, 18 U.S.C.§ 3582(c) "bars a district court from modifying a sentence 'unless [1] the Bureau of Prisons moves for a reduction, [2] the Sentencing Commission amends the applicable Guidelines range, or [3] another statute or Rule 35 *expressly* permits the court to do so.'" *United States v. Hall*, 644 F. App'x 274, 276 (4th Cir. 2016) (quoting *Goodwyn*, 596 F.3d at 235). Further, Rule 35(a) of the Federal Rules of Criminal Procedure only permits the reconsideration and correction of a sentence "[w]ithin 14 days after sentencing" to correct an "arithmetical, technical, or other clear error." Fed. R. Crim. P. 35(a). The scope of clear error under Rule 35(a) is "extremely narrow" in order to promote "openness and finality in sentencing." *Hall*, 644 F. App'x at 276 (quoting *United States v. Fields*, 552 F.3d 401, 404–05 (4th Cir. 2009)).

In his Motion, Carter asks the Court to reconsider his 140 month sentence in light of the fact that he is extremely remorseful for his actions and believes he needs treatment and therapy rather than incarceration. ECF No. 27 at 2. The law, however, does not provide for such relief. Carter cites no legal authority for the Court to reduce his sentence. The Bureau of Prisons has not moved for a reduction nor has Carter shown clear error under Rule 35 or any amendment to his applicable guidelines range. Thus, the Court has no authority to grant the requested relief. *Hall*, 644 F. App'x at 276 ("[T]here is no inherent authority for a district court to modify a sentence[.]")(quoting *Goodwyn*, 596 F.3d at 235).

## III. CONCLUSION

For the foregoing reasons, Carter's Motion to Reduce his sentence, ECF No. 27, is **DENIED**.

A separate Order will **ISSUE**.

                                               /s/
                                **PETER J. MESSITTE**
                      **UNITED STATES DISTRICT JUDGE**

**November 21, 2017**